**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

August 17, 2012

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*[*]

No. 11-1274

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] Appeal from the United States District Court |
| *Plaintiff-Appellee,* | ] for the Central District of Illinois |
| | ] |
| *v.* | ] No. 10 CR 10036 |
| | ] |
| BRETT A. MERRIMAN, | ] Joe B. McDade, |
| *Defendant-Appellant.* | ] *Judge.* |

**O R D E R**

Brett A. Merriman pleaded guilty to possessing with the intent to distribute 50 grams or more of crack cocaine, *see* 21 U.S.C. § 841(a)(1), and possessing a firearm during a drug trafficking offense, *see* 18 U.S.C. § 924(c).  He was ordered to serve a prison term of 120 months on the drug charge, which was the statutory minimum term required at the time Griffin committed the offense, *see* § 841(b)(1)(A)(iii) (2009), and a consecutive term of 60 months on the firearm charge, which was also mandated by the statute, *see* § 924(c)(1)(A)(i), for a total of 180 months.  The district court rejected Merriman's contention that his sentence on the narcotics charge should be calculated pursuant to the Fair Sentencing Act of 2010, 124 Stat. 2372 ("FSA"), which reduced the

---

[*] Circuit Judge Evans died on August 10, 2011, and did not participate in the decision of this case on remand from the Supreme Court.  The case is now being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

penalties for offenses involving crack cocaine and which took effect prior to his sentencing.

Merriman appealed his sentence, but in our order of July 7, 2011, we summarily affirmed the sentence in light of our decision in *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011), which held that the FSA applied only prospectively to conduct occurring after the statute's enactment.

In *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012), the Supreme Court disagreed with our holding in *Fisher* and "conclude[d] that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Subsequently, the Supreme Court granted Merriman's petition for a writ of certiorari, vacated the judgment, and remanded the case to this court for reconsideration in light of its decision in *Dorsey*. *Merriman v. United States*, 2012 WL 2470070 (U.S. June 29, 2012).

The parties have filed a joint Circuit Rule 54 statement reflecting their agreement that, in view of *Dorsey*, the district court committed procedural error at Merriman's sentencing with respect his sentence on the drug charge and that the error was not harmless. We agree, and we therefore **VACATE** Merriman's sentence and **REMAND** for resentencing.